Rescript Opinions.

COMMONWEALTH *vs.* LARRY PLEAS. June 9, 1976. These are appeals under G. L. c. 278, §§ 33A-33G. The defendant was charged in indictment No. 86640 with assault and battery by means of a dangerous weapon, to wit, a knife (G. L. c. 265, § 15A), and in indictment No. 87777 with assault with intent to commit murder while being armed (G. L. c. 265, § 18). He was sentenced to the Massachusetts Correctional Institution at Walpole for a period of not more than eighteen years and not less than twelve years on indictment No. 87777, and received a concurrent sentence of not more than ten years and not less than seven and one-half years on indictment No. 86640. The defendant argues that the two indictments and subsequent convictions violated his rights under the double jeopardy clause of the United States Constitution by subjecting him to duplicitous punishment. He further argues that his motion to dismiss the indictments should have been allowed on the ground of unconstitutional, intentional underinclusion of women in the grand jury which returned the indictments. As to the double jeopardy issue, this case is on all fours with *Salemme* v. *Commonwealth, ante,* 421 (1976), decided this day. The two indictments, which allege crimes under the same two statutes involved in the *Salemme* case (G. L. c. 265, §§ 15A, 18), are not identical and did not subject the defendant to duplicitous punishment. *Salemme* v. *Commonwealth, supra.* Further, even if the two offenses were shown to be identical, no prejudice could be shown because the sentences imposed were concurrent sentences. See *Kuklis* v. *Commonwealth,* 361 Mass. 302, 309 (1972); *Green* v. *United States,* 274 F.2d 59, 61 (1st Cir. 1960); *S. C.* 365 U.S. 301, 306 (1961). Compare the *Salemme* case, where the sentences were consecutive. As to the assertion of error in the allegedly unconstitutional intentional underinclusion of women in the grand jury which indicted him, the defendant, a male, relies on *Taylor* v. *Louisiana,* 419 U.S. 522 (1975), but the rule of that case has been held by the Supreme Court "not to be applied retroactively, as a matter of federal law, to convictions obtained by juries empaneled prior to the date of that decision." *Daniel* v. *Louisiana,* 420 U.S. 31, 32 (1975). This court, with particular reference to grand juries, has followed the *Daniel* decision and has held that the *Taylor* decision was effective prospectively only. *Brunson* v. *Commonwealth,* 369 Mass. 106 (1975). There was no error.

*Judgments affirmed.*

*Larry Pleas,* pro se, submitted a brief.
*Jeremiah P. Sullivan, Jr.,* Assistant District Attorney, for the Commonwealth.