Vahey **VANETZIAN**, Petitioner,

v.

Frank A. **HALL**, Respondent.

No. 77–8058.

United States Court of Appeals, First Circuit.

Submitted June 16, 1977.
Decided Sept. 9, 1977.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge.

PER CURIAM.

Petitioner is presently confined in Massachusetts Correctional Institution, having been convicted of first degree murder. Petitioner entered a grocery store on October 23, 1959, and shot a clerk. In November, 1959, petitioner pleaded guilty to charges of assault and battery with a dangerous weapon and armed robbery. The clerk died on April 13, 1960. Petitioner was subsequently convicted of murder. On appeal, the Supreme Judicial Court of Massachusetts rejected the argument that this course of events put petitioner twice in jeopardy for the same offense. *Commonwealth v. Vanetzian*, 350 Mass. 491, 493–94, 215 N.E.2d 658, 660 (1966). Petitioner raised the issue of double jeopardy in a petition for habeas corpus before the federal district court, and subsequently in an application for certificate of probable cause before this court. The Supreme Judicial Court, the district court, and this court rejected the claim, relying principally upon *Diaz v. United States*, 223 U.S. 442, 448–49, 32 S.Ct. 250, 56 L.Ed. 500 (1912) for the holding that homicide and assault and battery

". . . were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the battery the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense." [Citations omitted.] *Diaz, supra*, at 448–49, 32 S.Ct. at 251.

In the present matter, petitioner brought a second petition for habeas corpus. The district court again dismissed the petition and denied a certificate of probable cause. We now deny petitioner's application to us.

Petitioner raises three issues. As to the two evidentiary ones, we rely upon the thoughtful memorandum of the district court. Moreover, we agree with the district court that the petition *in toto* should be denied, but not for the same reason.

In petitioner's original petition for habeas corpus, as before the Supreme Judicial Court, he argued that the Double Jeopardy Clause barred his second prosecution. In support of this petition he argues that even if the second prosecution was not barred, the Commonwealth could not impose the second punishment. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), does distinguish between multiple prosecution and multiple punishment theories of double jeopardy. It is not clear to us, however, whether one must advance both theories before a state court in order to meet the exhaustion requirement of *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), or whether one need only give the state court an opportunity to consider the issue of double jeopardy.

■ Nor is it clear to us whether or not the Double Jeopardy Clause bars imposition of punishment for murder and for assault and battery with a dangerous weapon where the two charges grow out of the

same incident.[1]   Decision of this issue would turn on whether, under Massachusetts law, a prosecutor could convict a defendant of murder on facts that would not make out assault and battery with a deadly weapon.   *See Brown v. Ohio, supra.*[2]

■   The practical posture of this case as it is now before us, however, obviates the need to consider either of the above issues. The Supreme Judicial Court correctly determined that the Commonwealth of Massachusetts could prosecute and convict petitioner of murder.   It follows that the Commonwealth could also impose sentence for murder.   We read this habeas petition as seeking to vacate the original sentence of not more than ten nor less than eight years for assault and battery with a dangerous weapon.   Petitioner's life sentence for murder was imposed to run concurrently with both his sentence for assault and battery with a dangerous weapon and his sentence of not more than twenty-five years nor less than twenty years for armed robbery (which latter is not being challenged). Even if we were to decide for petitioner on the exhaustion and double jeopardy issues, we would not release him from custody under the original sentence.   The existence of that sentence, being concurrent, is "merely a technical matter" that does not harm the defendant.   *See Green v. United States,* 274 F.2d 59, 61 (1st Cir. 1960), *aff'd,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670

(1961);   *Campbell v. United States,* 269 F.2d 688, 692 (1st Cir. 1959).

We, of course, are aware of the disfavor that the Supreme Court cast upon the concurrent sentence rule in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).   But *Benton* held no more than that the fact that a sentence for a challenged conviction was concurrent did not raise a jurisdictional bar to consideration of the case—that, for purposes of Article III's case or controversy requirement, the issue is not moot.   *Id.* at 788, 791, 89 S.Ct. 2056. The Court did not rule out the possibility that "[t]he concurrent sentence rule may have some continuing validity as a rule of judicial convenience."   *Id.* at 791, 89 S.Ct. at 2061.

This case differs from *Benton* in several significant respects.   Petitioner, though noting that the rule ought not to apply where a defendant suffers any harm from the existence of the second sentence, has failed to point to any specific harm, and we cannot find any.[3]   Petitioner would remain in prison under concurrent sentences of life and of twenty to twenty-five years.   Unlike the petitioner in *Benton,* petitioner here may no longer challenge his conviction. Only his sentence is properly before us. Moreover, the Court in *Benton* was considering a direct appeal.   It suggested, referring to *Sibron v. New York,* 392 U.S. 40,

1.   We do not retreat from our conclusion stated in our response to petitioner's original habeas petition that *Diaz v. United States,* 223 U.S. 442, 448–49, 32 S.Ct. 250, 56 L.Ed. 500 (1912), allows a prosecution for murder subsequent to one for assault and battery when the injured person did not die until after the defendant was placed in jeopardy on the assault and battery charge.   *Brown v. Ohio,* —— U.S. —— at ——, 97 S.Ct. 2221, 53 L.Ed.2d 187, n. 7 (1977), does not eliminate this exception to the traditional rule barring trial for a greater offense after trial for a lessor included offense.

2.   It may be that under Massachusetts law the added element of a dangerous weapon need not always be present or proven to sustain a conviction for murder.   *See Commonwealth v. Pleas,* Mass., 348 N.E.2d 427 (1976) (assault and battery with a deadly weapon and assault with intent to commit murder not the same offense).   *See also Salemme v. Commonwealth,*

Mass., 348 N.E.2d 799 (1976).   Perhaps, even in the homicide context, use of a dangerous weapon is an additional characteristic that a state may choose to punish separately.   *See Green v. United States,* 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

3.   In Massachusetts one serving a life sentence for first degree murder is not eligible for parole, at least unless his sentence is commuted to a lesser offense.   Mass.Gen.Laws Ann. (MGLA) ch. 265, § 2 (1974).   Even if petitioner's sentence is commuted, he would not be an habitual offender for parole purposes, MGLA ch. 127, § 133B, because he was not sentenced under the habitual offender statute, MGLA ch. 279, § 25.   Even if he should then be paroled and convicted of another crime, petitioner would not be prejudiced with respect to the habitual offender statute because it comes into play upon only two convictions.

88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), that the case against the concurrent sentence rule is weaker when convictions are attacked collaterally for post-conviction relief. 395 U.S. at 793 n. 11, 89 S.Ct. 2056. "It is always preferable to litigate a matter when it is directly and principally in dispute." 392 U.S. at 56–57, 88 S.Ct. at 1899.

For these reasons we hold that *Benton* does not bar application of the concurrent sentence rule in this case. We therefore resist the invitation to address substantive and procedural issues, the resolution of which would have no practical effect on petitioner.

*The application for a certificate of probable cause is denied.*