**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Brett C. KIMBERLIN, Defendant-Appellant.**

No. 81–2222.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1982.

Decided April 13, 1982.

Nile Stanton, Indianapolis, Ind., for defendant-appellant.

John Thar, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and BARTELS, Senior District Judge.*

POSNER, Circuit Judge.

This appeal from the denial of a federal prisoner's collateral attack on his sentence requires us to consider the current validity and scope of the concurrent sentence doctrine and the power of a judge other than the sentencing judge to entertain a collateral attack on the sentence.

The appellant, Brett Kimberlin, was tried on an indictment charging him with 34 counts of violating various federal criminal statutes. The jury acquitted him on Count 25, convicted him on Counts 26–34, and hung on Counts 1–24. He was sentenced to 12 years in prison on Counts 26–34. The motion in issue here challenges the legality of the sentence but not of the conviction, which has been affirmed by this court. *United States v. Kimberlin*, 673 F.2d 1335 (7th Cir. 1981).

Kimberlin has meanwhile been retried on the hung counts, convicted, and sentenced to 50 years to run concurrently with the 12 years imposed in the previous sentence, the one at issue on this appeal. The government argues that his challenge to the previous sentence is therefore moot.

* Of the Eastern District of New York.

The federal courts do not have jurisdiction to decide moot cases. But the Supreme Court held in *Benton v. Maryland*, 395 U.S. 784, 787–91, 89 S.Ct. 2056, 2058–60, 23 L.Ed.2d 707 (1969), that a challenge to a criminal conviction is not moot merely because the sentence imposed on that conviction runs concurrently with a longer sentence whose validity is not challenged. Although the sentence is the principal adverse consequence of conviction to the defendant, it is not the only consequence; for example, a conviction could result in a longer sentence for a subsequent offense. But the Court did not extinguish the "concurrent sentence rule" completely. Rather, it converted it from a jurisdictional to a discretionary bar to judicial review. See *id.* at 791–92, 89 S.Ct. at 2060–61; *Andresen v. Maryland*, 427 U.S. 463, 469 n.4, 96 S.Ct. 2737, 2743 n.4, 49 L.Ed.2d 627 (1976). Thus, as the dissent in *Benton* suggested without demur from the majority, "appellate courts may decline to review a conviction carrying a concurrent sentence when another 'concurrent' conviction has been reviewed and found valid and the unreviewed conviction foreseeably will have no significant adverse consequences for the appellant." 395 U.S. at 801–02, 89 S.Ct. at 2066. Since *Benton*, the Supreme Court has invoked the discretionary version of the concurrent sentence rule at least once to avoid review of a conviction, *Barnes v. United States*, 412 U.S. 837, 848 and n.16, 93 S.Ct. 2357, 2364 and n.16, 37 L.Ed.2d 380 (1973), and the circuit courts have done so many times, e.g., *United States v. Peters*, 617 F.2d 503, 506 (7th Cir. 1980); *Vanetzian v. Hall*, 562 F.2d 88 (1st Cir. 1977); *United States v. Wilson*, 535 F.2d 521, 523 (9th Cir. 1976).

Perhaps the strongest case for applying the rule is where, as here and in our recent *Peters* decision, the challenge is to the sentence rather than the underlying conviction. See also *Vanetzian v. Hall, supra; United States v. Wilson, supra; Ethridge v. United States*, 494 F.2d 351 (6th Cir. 1974). The collateral consequences that persuaded the

Supreme Court in *Benton* that the concurrent sentence rule was not compelled by Article III are the consequences of conviction. If the conviction is lawful, the length of the sentence can affect only how long the defendant will spend in prison, and if that effect is nil because of a concurrent sentence we do not see what collateral consequences the sentence could have.

■ But this assumes that the concurrent sentence is valid. In the present case, the conviction underlying that sentence (that is, Kimberlin's conviction on Counts 1–24 of the indictment) has been appealed and the appeal is pending. It seems to have been assumed, see, e.g., *Benton, supra*, 395 U.S. at 793, 89 S.Ct. at 2061, though we can find no discussion of the point in the cases, that the predicate for applying the concurrent sentence rule is that the conviction underlying the concurrent sentence is a final judgment. There is, of course, a sense in which a criminal judgment is never final, because it is always open to collateral attack, even after the defendant has served his sentence and been discharged. See *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (*coram nobis*). But a conviction from which a direct appeal is pending lacks even a weak sense of finality, and is not a proper basis for the collateral sentence rule in the form in which it survives after *Benton*. We therefore reject the government's suggestion of mootness and come to the merits.

Kimberlin originally filed his motion with the sentencing judge, Judge Noland, and at that time the motion was styled "Joint and Alternative Motion to Reduce Sentence under Criminal Rule 35, to Vacate Judgment and Sentence under 28 U.S.C. § 2255, Motion for Writ of Error Audita Querela, and/or Motion for Relief under the All-Writs Section of the Judicial Code." Judge Noland denied the motion. Instead of appealing this denial, Kimberlin—represented by counsel, be it noted—filed with another judge in the Southern District of Indiana, Judge Steckler, something he called an "Objection and Motion to Reconsider." This repeated the grounds in his original motion

and added that he was filing it before Judge Steckler, the presiding judge on the retrial of Counts 1–24, because Judge Noland, having *sua sponte* disqualified himself from further proceedings on those counts, was "unavailable" to pass on the motion within the meaning of Rule 4(a) of the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code. This argument for filing with Judge Steckler is a *non sequitur*. Judge Noland's disqualification was limited to Counts 1–24, and the motion attacked the sentence imposed on Counts 26–34. If Judge Noland had disqualified himself from acting on Kimberlin's motion, he would have been unavailable; but he did not and therefore was not.

■ There was no necessary inconsistency in the partial disqualification. Judge Noland did not explain why he was disqualifying himself, but probably he had acquired from the presentence report that he received before sentencing Kimberlin on Counts 26–34 information that he thought might bias his judgment in presiding over the retrial on Counts 1–24. Such information would not disqualify him from reviewing the sentences he had imposed, any more than it disqualified him from imposing those sentences in the first place. But in any event we think it clear—though the question, surprisingly, appears to be one of first impression—that error in failing to disqualify himself from acting on a postconviction motion would not make the sentencing judge "unavailable" to decide the motion. He manifestly was available in this case—he decided the motion. If his action was erroneous, Kimberlin's proper remedy was to appeal to this court.

Kimberlin did not appeal, but instead filed his "Objection and Motion to Reconsider" with Judge Steckler. By the time Judge Steckler acted on this submission, the time for appealing Judge Noland's denial of the original motion had expired. Hence the correctness of Judge Noland's action is not before us, but only the correctness of Judge Steckler's denial of the "Objection and Motion to Reconsider," whereby Kimberlin

sought the same relief that Judge Noland had denied him.

Rule 4(a) of the rules governing section 2255 proceedings requires that a section 2255 motion be filed with the sentencing judge unless he "is unavailable to consider the motion." Since Judge Noland was the sentencing judge and was not unavailable, Kimberlin's "Objection and Motion to Reconsider," if treated as a section 2255 motion, was filed with the wrong judge. Rule 35 of the Federal Rules of Criminal Procedure, which like section 2255 authorizes motions to correct sentences, does not in terms require that the motion be filed with the sentencing judge. But by analogy to Rule 4(a) of the section 2255 rules, that is the orderly procedure, and every court that has considered the question has agreed that Rule 35 motions should be directed to the sentencing judge. See, e.g., *United States v. Fernandez*, 589 F.2d 977 (9th Cir. 1978). So, treated alternatively as a Rule 35 motion, the "Objection and Motion to Reconsider" was still directed to the wrong judge.

Kimberlin did not cure his misdirection by basing the motion on *audita querela* and on the All-Writs Act, 28 U.S.C. § 1651(a), as well as on Rule 35 and section 2255. The writ of *audita querela* is an old common law procedure for obtaining relief from a judgment. See 7 Moore & Lucas, Moore's Federal Practice 33–46 (2d ed. 1979). Rule 60(b) of the Federal Rules of Civil Procedure, in creating a procedure for relief from a final judgment in a federal civil case, expressly abolished the writ of *audita querela*, but we cannot conclude from this that the writ is unavailable in a federal criminal case. *Morgan v. United States, supra*, held that the abolition by Rule 60(b) of *coram nobis* was limited to civil proceedings; and we assume the same result would be reached if a criminal defendant could show that relief from a judgment by means of *audita querela* was necessary to plug a gap in the system of federal postconviction remedies. We own to some doubt, however, that such a gap exists, given the availability of section 2255 for defendants in federal custody and *coram nobis* for defendants no longer in federal custody. Moreover, even if there were such a gap, it is very doubtful that *audita querela* would be the means to fill it. Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors. See 11 Wright & Miller, Federal Practice and Procedure 235 (1973). But what is plain is that it cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions—which is the use that Kimberlin is trying to make of it.

Section 1651(a) of the Judicial Code authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This is a broad grant of authority, which was used in *Morgan* as the jurisdictional basis for the issuance of writs of *coram nobis* in criminal cases. See 346 U.S. at 506–07, 74 S.Ct. at 249–50. But no more than *audita querela* may it be used for the sole purpose of circumventing orderly procedure, which required that Kimberlin appeal the sentencing judge's denial of postconviction relief to this court rather than to another district judge.

We think Judge Steckler had jurisdiction to consider Kimberlin's "Objection and Motion to Reconsider," even though he was not the sentencing judge; jurisdiction resides in the court, here the United States District Court for the Southern District of Indiana, rather than the individual judge. But Kimberlin was not entitled to the relief he sought from Judge Steckler, whose order denying that relief is therefore

Affirmed.