

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Hannah

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4863

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hannah" (2006). *2006 Decisions.* Paper 1421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-148                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4863

UNITED STATES OF AMERICA

v.

GARRETT HANNAH,

Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 96-cr-00262)
District Judge: Honorable Edwin M. Kosik

Submitted For a Determination of Whether a Certificate of Appealability is Necessary or
for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed March 15, 2006)

OPINION

PER CURIAM

    Garrett Hannah appeals pro se from the order of the United States District Court

for the Middle District of Pennsylvania denying his petition for a writ of audita querela.

In 1997, Hannah was convicted by a jury of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a). United States v. Hannah, No. 96-cr-00262 (M.D. Pa. 1997). Hannah was sentenced to 210 months' imprisonment. We affirmed. See United States v. Hannah, No. 97-7506 (3d Cir. July 14, 1998). In 1999, Hannah filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the District Court. After that motion was denied, Hannah appealed. We denied a certificate of appealability.

On October 4, 2005, Hannah filed in the District Court a document titled "Writ of Error Audita Querela Under the All Writs Act," in which he argued that his sentence was invalid because it was based on a 16-point enhancement derived from facts that were not found by the jury, in violation of the rule announced in United States v. Booker, 125 S.Ct. 738 (2005). Hannah requested either a new trial or a new sentence. The District Court held that Hannah's Booker claim was appropriately brought via 28 U.S.C. § 2255, not via a petition for writ of audita querela. Because Hannah had not obtained this court's authorization to file a second or successive § 2255 motion, see 28 U.S.C. § 2244(b)(3)(A), the District Court held that it could not—in any event—proceed under § 2255. It denied Hannah's petition. Hannah filed a timely notice of appeal and has filed a statement opposing summary action.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291. After a careful review of the record, we conclude that the appeal presents "no substantial question" under

2

Third Cir. LAR 27.4 and I.O.P. 10.6. We will, therefore, summarily affirm the District Court's judgment.[1]

We have held that <u>Booker</u> is not retroactively applicable to cases on collateral review. <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005) (holding that <u>Booker</u> is not a basis for authorizing a second or successive § 2255 motion). Apparently aware of these holdings, Hannah seeks to raise a <u>Booker</u> challenge by employing the common law writ of <u>audita querela</u>.

In support of his argument, Hannah cites to <u>United States v. Morgan</u>, 346 U.S. 502, 510-11 (1954), in which the Supreme Court held that § 2255 did not "encompass the entire field of post-conviction relief" for federal prisoners. <u>Morgan</u> has come to stand for the proposition that common law writs such as <u>coram nobis</u> and <u>audita querela</u> can be used to the extent that they "fill in the gaps" in post-conviction remedies. <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9ᵗʰ Cir. 2001); <u>see also</u> <u>Obado v. N.J.</u>, 328 F.3d

---

[1] We understand the District Court to have denied Hannah <u>audita querela</u> relief, not to have actually recharacterized Hannah's pleading as a § 2255 motion and then denied relief. If the District Court had denied Hannah relief pursuant to § 2255, he would need a certificate of appealability to proceed in this court. 28 U.S.C. § 2253(c)(1)(B). To the extent, if any, that the District Court actually did recharacterize Hannah's pleading, we DENY him a certificate of appealability. <u>See</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2003) (noting that a District Court may not entertain a second or successive habeas petition when this court has not issued the required certification). We note, too, that although a pleading such as Hannah's should, in certain circumstances, be recharacterized *only* after issuance of notice to the filer, such notice is not necessary when, as here, the § 2255 motion would be second or successive. <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003); <u>United States v. Torres</u>, 282 F.3d 1241, 1246 (10th Cir. 2002).

716, 718 (3d Cir. 2003).  Hannah argues that because <u>Booker</u> is not retroactively applicable to cases on collateral review, this creates a "gap" in the available post-conviction remedies which justifies his use of the writ.

We disagree.  Section 2255 is the presumptive means for a federal prisoner to challenge his sentence or conviction.  <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974).  We have held that a federal prisoner can seek collateral relief via habeas corpus under 28 U.S.C. § 2241 in the rare situation where § 2255's scope or procedure makes it "inadequate or ineffective" to challenge a conviction or sentence.  <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  However, a previous denial of § 2255 relief does not render § 2255 inadequate or ineffective.  <u>See</u> <u>id.</u>

Similarly, Hannah cannot use <u>audita</u> <u>querela</u> in order to evade the AEDPA's stringent requirements for filing second or successive § 2255 motions.  <u>See</u> <u>Valdez-Pacheco</u>, 237 F.3d at 1080.  <u>See</u> <u>also</u> <u>United States v. Kimberlin</u>, 675 F.2d 866, 869 (7th Cir. 1982).  Hannah's claim is cognizable under § 2255; therefore, there is no "gap" in post-conviction remedies.  <u>See</u> <u>Valdez-Pacheco</u>, 237 F.3d at 1080.  The fact that <u>Booker</u> cannot be applied retroactively in his case does not create such a gap.  <u>See</u> <u>Cradle</u>, 290 F.3d at 538 ("[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative").

For these reasons, we agree with the District Court's refusal to entertain Hannah's petition.  We will, therefore, summarily affirm the District Court's judgment.