[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15321
Non-Argument Calendar
_____

D.C. Docket Nos. 9:17-cv-81110-KAM; 9:12-cr-80226-KAM-1

SONNY AUSTIN RAMDEO,

                                                            Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 25, 2019)

Before WILSON, JORDAN, and HULL Circuit Judges.

PER CURIAM:

    Sonny Ramdeo, proceeding pro se, appeals from the district court's dismissal

of his petition for a writ of *audita querela*, arguing that the restitution portion of his

criminal judgment is unsound based on information that came to light after sentencing. Mr. Ramdeo asserts that the district court erred by construing his petition for a writ of *audita querela* as a petition for a writ of error *coram nobis* before dismissing it. Assuming Mr. Ramdeo is correct, a writ of *audita querela* is not an appropriate remedy for the issues presented in his petition. We therefore affirm.

## I

In 2015, Mr. Ramdeo pled guilty to wire fraud and money laundering for defrauding his employer of more than $20 million in wages and payroll taxes. The district court sentenced Mr. Ramdeo to a total sentence of 240 months' imprisonment and ordered him to pay $21,442,173 in restitution. Mr. Ramdeo appealed his convictions and sentence, arguing—among other things—that the district court erred in calculating restitution. In March of 2017, we affirmed Mr. Ramdeo's convictions and sentence—including his restitution judgment. *See United States v. Ramdeo*, 682 F. App'x 751, 758 (11th Cir. 2017).

While his direct appeal was pending, Mr. Ramdeo also filed a motion to vacate his convictions and sentence under 28 U.S.C. § 2255. Among other things, Mr. Ramdeo's § 2255 motion challenged the prosecution's alleged failure to produce evidence of his victim's losses. The district court dismissed Mr. Ramdeo's § 2255 motion without prejudice because his direct appeal was still pending, and we denied

him a certificate of appealability. *See Ramdeo v. United States,* No. 17-10467 (11th Cir. July 13, 2017).

Mr. Ramdeo then filed a pro se petition for writ of *audita querela* in October of 2017. The petition challenges his restitution judgment, arguing that the district court did not comply with the procedural requirements of the Mandatory Victims Restitution Act and failed to reduce his restitution obligation by certain tax payments that his victims received. Specifically, Mr. Ramdeo contends that the government did not provide copies of victim affidavits used to calculate restitution and that millions of dollars in tax payments were not properly accounted for when the district court estimated the loss caused by his fraud.

A magistrate judge issued a report recommending the dismissal of Mr. Ramdeo's petition, which the district court adopted. At the outset, the magistrate judge liberally construed the pro se petition—titled "Petition for a Writ of Audita Querela"—as seeking relief under a writ of error *coram nobis*. The magistrate judge then concluded that Mr. Ramdeo was not entitled to *coram nobis* relief because, among other things, he could have challenged his restitution judgment before the district court or on direct appeal and other avenues of relief existed. Mr. Ramdeo appeals the district court's initial decision to construe his petition for a writ of *audit querela* as a petition for a writ of error *coram nobis*.[1]

---

[1] In his opening brief, Mr. Ramdeo challenges the district court's construction of his petition as for

3

## II

The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Accordingly, common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they "fill the interstices of the federal post-conviction remedial framework through remedies available at common law." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (quoting *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990)).

*Audita querela*, like *coram nobis*, is an "extraordinary remedy" that is available "only under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511 (1954). These writs may be used to correct "errors of the most fundamental character." *Id.* at 512 (quotation marks, citation and footnote omitted). *See also United States v. Denedo*, 556 U.S. 904, 911

a writ of error *coram nobis* and not its conclusion that he is not entitled to *coram nobis* relief. Therefore, any argument to that issue is abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an appellant's initial brief are abandoned).

(2009) (noting that the Supreme Court in limits the use of extraordinary writs "to redress a fundamental error . . . as opposed to mere technical errors"). "'[C]ircumstances compelling such action to achieve justice' . . . exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Moody v. United States,* 874 F.2d 1575, 1576–77 (11th Cir. 1989) (quoting *Morgan,* 346 U.S. at 511).

Although similar in nature, "[e]ach of the ancient writs permitted relief in different scenarios." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1289 (11th Cir. 2004). "*Audita querela*, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *Holt*, 417 F.3d at 1174 (citing Black's Law Dictionary 126 (7th ed. 1999)). The common law writ "typically 'afford[ed] relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution.'" *Gonzalez,* 366 F.3d at 1289 (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2867, at 394 (Civil 2d ed. 1995)) (alteration in original). *See also United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010) ("[*Audita querela*] can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment."). So long as there is

5

another avenue for relief, a writ of *audita querela* is not appropriate.  *See Holt*, 417 F.3d at 1174–75 (concluding that *audita querela* relief was improper because relief was cognizable under 28 U.S.C. § 2255).

 *Coram nobis* is a similarly extraordinary writ that may be used to remedy "mistakes of fact, not appearing on the face of the record, and but for which the judgment would not have been entered."  *Gonzalez*, 366 F.3d at 1289 (quotation marks omitted).  *See also Miller*, 599 F.3d at 487.  *Audita querela* differs from *coram nobis* in that *coram nobis* attacks the judgment itself, which was unsound when rendered, whereas *audita querela* is directed against the enforcement of a judgment which, when rendered, was just and unimpeachable.  *See Miller*, 599 F.3d at 487 (citing 7A C.J.S. *Audita Querela* § 4 (2004)).  Stated another way, a writ of *coram nobis* is properly used to challenge a judgment that was infirm at the time it was rendered for reasons later coming to light, whereas a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but is made infirm by matters that arose after it was rendered.  *See United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991) (comparing the Black's Law definitions of *audita querela* and *coram nobis*).

 In our view, Mr. Ramdeo's challenge to the district court's restitution calculation is better cast as a petition for writ of error *coram nobis* than as a petition for writ of *audita querela*.  Assuming, however, for the sake of Mr. Ramdeo's

6

argument, that the district court should have analyzed his pro se petition as written, Mr. Ramdeo is not entitled to a writ of *audita querela*.[2]

Even if Mr. Ramdeo is correct, his underlying claims—that the district court did not provide him with affidavits as required by statute and did not reduce his restitution obligation by certain tax payments—attacks the validity of the restitution judgment, not its enforcement. Such arguments were appropriate for direct appeal, which Mr. Ramdeo had in this case. *See Ramdeo*, 682 F. App'x at 758.

In *Holt*, 417 F.3d at 1174–75, for example, the petitioner argued that an intervening Supreme Court opinion altered the applicable law, affecting his conviction. Here, Mr. Ramdeo raises the prospect that information existed that could have been used to reduce his restitution obligation and that the district court erred in

---

[2] Because we conclude that Mr. Ramdeo's claimed errors do not justify a writ of *audita querela,* we decline to address two legal issues underpinning the district court's order. First, we make no conclusion as to whether a writ of *audita querela* is available to attack a restitution judgment related to a criminal proceeding. The ancient writ was abolished in the civil context by the Federal Rules of Civil Procedure, and "[w]e have not addressed the writ's continued applicability in the criminal context." *Holt*, 417 F.3d at 1174. *See also United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (noting that federal courts may recognize *audita querela* in a criminal context "to plug a gap in the system of federal postconviction remedies"). Second, we do not address whether a writ of error *coram nobis* is available under the particular facts of this case. We have stated that "[c]oram nobis relief is unavailable to a person, such as the appellant, who is still in custody." *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999). However, the context for that general rule that "an available statutory habeas remedy precludes *coram nobis* relief," meaning that "*coram nobis* [is] unavailable as a matter of law" if the petitioner is in custody and § 2255 provides an avenue for relief. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997). The facts of Mr. Ramdeo's petition seem to expose an exception to the general rule that someone "in custody" cannot obtain *coram nobis* relief because Mr. Ramdeo is serving his criminal sentence, but § 2255 does not provide an avenue for relief. *See Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) (holding that § 2255 cannot be used by a federal prisoner who challenges only the restitution portion of his sentence). We leave these issues for another day.

7

calculating restitution.  Mr. Ramdeo essentially argues that his restitution judgment was infirm when it was rendered for reasons that came to light during his direct appeal, but a writ of *audita querela* is only appropriate to correct a judgment that was "just and unimpeachable" when it was rendered and is later undermined by something coming into existence after the judgment.  *Miller*, 599 F.3d at 487–88.

Mr. Ramdeo's assertion that his victims failed to submit their affidavits within 90 days after the restitution judgment was rendered does not change our analysis.  The petition does not raise an unaddressed issue that is so fundamental in character that it renders the district court's restitution judgment invalid.  *See Moody,* 874 F.2d at 1576–77.  Thus, a writ of *audita querela* does not afford relief.

### III

For the foregoing reasons, we affirm the district court's denial of Mr. Ramdeo's petition.

**AFFIRMED.**