[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10692
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80229-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL W. TERRY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2019)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Daniel Terry, a federal prisoner, appeals the denial of his *pro se* motion for a

writ of *audita querela.*  A prisoner is not entitled to a writ of *audita querela* when

relief is cognizable under a federal statute.  Here, 18 U.S.C. § 3582(c)(2) squarely addresses Terry's claims.  Moreover, even if Terry's motion is construed as a § 3582(c)(2) motion, he is not entitled to relief.  Accordingly, we affirm.

## I.

In 2014, a grand jury charged Terry and two others with conspiracy to commit mail fraud.  Terry pled guilty in a written agreement, in which he stipulated that he had a management role in a telemarketing scheme that defrauded Florida timeshare owners.  His factual proffer stated that he and his co-conspirators contacted "more than 2,000 victims" and collected "more than $3.3 million from these victims for purported timeshare marketing and sales services, which services the defendants knew would never be provided."  Based on these facts, a court sentenced Terry to 188 months' imprisonment on April 30, 2015.  Terry did not directly appeal or collaterally attack his sentence.

On June 29, 2017, Terry filed a petition for a writ of *audita querela*.  He argued that he was entitled to a retroactive sentence reduction pursuant to Sentencing Guideline Amendments 790, 791, and 792, which went into effect on November 1, 2015—nearly six months after his sentencing.  The district court denied his petition, and Terry appealed.

2

II.

"*Audita querela*, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (quoting *Black's Law Dictionary* 126 (7th ed. 1999)).  We review the denial of a writ of *audita querela* de novo.  *Id.*

The All Writs Act gives federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  However, this authority is not unlimited.  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Pa. Bureau of Corr. v. U.S. Marshals Serv*., 474 U.S. 34, 43 (1985).  Courts should only "recognize common-law writs in a criminal context when 'necessary to plug a gap in the system of federal postconviction remedies.'"  *Holt*, 417 F.3d at 1175 (citing *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982)).

Here, there was no gap to plug.  A federal statute, 18 U.S.C. § 3582(c)(2), specifically provides a framework for challenges based on amendments to the Sentencing Guidelines.  The statute permits a federal court to reduce the sentence

3

of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This is precisely the sort of claim Terry is trying to bring. The existence of this statutory provision renders Terry ineligible for a writ of *audita querela.*

### III.

Because Terry is proceeding *pro se*, we may liberally construe his *audita querela* motion as a § 3582(c)(2) motion. *See Holt*, 417 F.3d at 1175. Under § 3582(c)(2), however, a court may only grant a sentence reduction on the basis of a Guidelines amendment that the Sentencing Commission has expressly given retroactive effect. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."). Section 1B1.10(d) of the Sentencing Guidelines specifies which amendments are retroactive. Amendments 790, 791, and 792 are not included in U.S.S.G. § 1B1.10(d) and so do not have retroactive effect for purposes of a § 3582 motion.[1] Accordingly, Terry cannot seek a retroactive sentence reduction based on those amendments. *See United States v. Armstrong*,

---

[1] The covered amendments are "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))." *See* U.S.S.G. § 1B1.10(d).

347 F.3d 905, 909 (11th Cir. 2003) (establishing a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10[d].").

## IV.

Congress has provided a clear channel for a prisoner to seek postconviction relief based on an amendment to the Sentencing Guidelines, and the Sentencing Commission "has carefully considered which amendments to the Guidelines have retroactive effect." *Mapp v. United States*, 2015 WL 4602887, at *2 (E.D.N.Y. July 31, 2015). "Allowing a petitioner to bypass the restrictions of § 1B1.10 simply by invoking the writ of *audita querela* would effectively render those restrictions null and void." *Id.* For that reason, Terry is not entitled to a writ of *audita querela*. Furthermore, even construing Terry's petition as a motion under § 3582(c)(2), he is not entitled to relief. We therefore **AFFIRM** the judgment of the district court.