NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1691

| | |
|---|---|
| BRETT KIMBERLIN, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-01141-TWP-MPB |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Almost 20 years after serving his sentence for felonies related to a series of bombings, Brett Kimberlin petitioned for a writ of *coram nobis*, seeking to set aside some convictions in order to obtain relief from civil disabilities. The district court denied his petition. It correctly reasoned that, even if some felony convictions were overturned,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Kimberlin does not (and cannot) successfully challenge others. Because his remaining felony convictions mean that the civil disabilities that he protests will remain intact, the equitable relief of *coram nobis* is unavailable; thus we affirm.

In 1979, Kimberlin was arrested after he tried to procure counterfeit government documents—including a presidential seal, military driver's license forms, and military license plates. Federal officers eventually connected him to eight bombings in Speedway, Indiana. He was later convicted of several felonies, including impersonating a federal official by wearing a uniform representing the Department of Defense. *See* 18 U.S.C. § 912. We affirmed Kimberlin's convictions and sentence on direct appeal, *see United States v. Kimberlin*, 781 F.2d 1247, 1248 (7th Cir. 1985); *United States v. Kimberlin*, 805 F.2d 210, 252 (7th Cir. 1986), and collateral review, *see United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982). Kimberlin was paroled in 1994, but his parole was revoked in 1997 for submitting a fraudulent mortgage loan application and for failure to pay a civil judgment to victims of the bombings. *See Kimberlin v. Dewalt*, 12 F. Supp. 2d 487, 490-94 (D. Md. 1998), *aff'd sub nom. Kimberlin v. Bidwell*, 166 F.3d 333 (4th Cir. 1998). He completed his prison sentence in 2001.

Nearly 20 years after his release, Kimberlin petitioned for a writ of *coram nobis*. This equitable remedy may be available in rare cases where the defendant is no longer "in custody" (rendering 28 U.S.C. § 2255 unavailable) yet collateral relief is necessary to eradicate unjustified civil disabilities. *See United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019). He wants the district court to vacate his convictions for impersonating a federal official, illegally using the presidential seal and an insignia of the Department of Defense, and his role in the bombings. Kimberlin asserts that, because of these convictions, he faces civil disabilities: he cannot obtain grants for his non-profit organization, qualify for loans, serve on a jury, or renew his pilot's license.

The district court denied Kimberlin's petition. It observed that Kimberlin could obtain *coram nobis* relief only if all his felony convictions yielding the unwanted civil disabilities were removed, and Kimberlin could not prevail against all his convictions. First, the court noted, *United States v. Bonin*, 932 F.3d 523 (7th Cir. 2019), foreclosed Kimberlin's argument that the First Amendment conflicts with his convictions under § 912 for impersonating a federal official. Second, Kimberlin had felony convictions (for marijuana possession and perjury) that he was not challenging in the petition. These alone were sufficient to maintain his civil disabilities.

On appeal, Kimberlin maintains that his § 912 conviction is invalid. He relies on *United States v. Alvarez*, 567 U.S. 709, 715 (2012). There, a decade after Kimberlin's release, the Supreme Court held that the free-speech protection of the First Amendment invalidated a part of the Stolen Valor Act of 2005, 18 U.S.C. § 704(b), that criminalized "falsely representing" receipt of military decorations or medals. Kimberlin argues that *Alvarez* undermines his § 912 conviction because wearing a uniform of the Department of Defense could involve protected speech like "a protest, theatrical performance," or a "Halloween party." Kimberlin adds that, because he used the uniform for "commercial" transactions, he did not meet § 912's requirement that he "act as such" officer that he impersonated. *See United States v. Wade*, 962 F.3d 1004, 1010 (7th Cir. 2020).

These arguments ignore the restrictions on the writ. Because it upends finality, a writ of *coram nobis* requires not just a fundamental error affecting a conviction, and civil disabilities from it, but also good reason that the defendant failed to seek relief while in custody. *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016). We can focus on the § 912 conviction because, as the district court noted, a *coram nobis* challenge that might eliminate some felony convictions but leaves intact others that yield the same civil disabilities does not warrant relief. *See United States v. Keane*, 852 F.2d 199, 205 (7th Cir. 1988) ("Indeed, even one count stating an offense would be the end of things, for a single felony conviction supports any civil disabilities . . . [the plaintiff] may have to endure."); *United States v. Craig*, 907 F.2d 653, 658 n.2 (7th Cir. 1990), amended, 919 F.2d 57 (7th Cir. 1990) (noting "our rule that if an indictment states one valid offense, then no coram nobis relief is available"). For three reasons, the district court rightly denied Kimberlin's petition.

First, nothing prevented Kimberlin from raising on direct appeal or in his prior petition under § 2255 the legal arguments that the defendants advanced in *Alvarez* (about the First Amendment) and *Wade* (about "act as such") and that Kimberlin urges now. Rather, he pursued his one opportunity that Congress allowed him under § 2255 to challenge his § 912 conviction without mentioning these arguments. "[I]t is entirely inappropriate for the judiciary to invoke the common law" with *coram nobis* "to override limitations enacted by Congress." *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Thus, Kimberlin cannot use these arguments in this petition to challenge the validity the § 912 conviction. *See Delhorno*, 915 F.3d at 452–53.

Second, in any event, Kimberlin's arguments about errors in his § 912 conviction are meritless. As the district court observed, in *Bonin* we rejected the First Amendment argument that he raises. *See* 932 F.3d at 534. We noted that the plurality opinion in

*Alvarez* distinguished § 912 from the Stolen Valor Act and ruled that § 912's "act as such" element is a constitutional, narrowly drawn ban on false speech (impersonation) that protects compelling interests in government processes, reputation, and service. *Id*. at 534-36 (citing *Alvarez*, 567 U.S at 720–21). *Wade* does not help him either. We explained there that § 912 validly criminalizes "overt action taken to cause the victim to follow a course of action he would not otherwise have pursued." *Wade*, 962 F.3d at 1010. Kimberlin's impersonations violated that statute.

Third, as the district court also recognized, Kimberlin is not challenging his felony convictions for marijuana possession and perjury. And he does not contest the district court's conclusion that his ongoing civil disabilities will remain intact by virtue of these unchallenged convictions (as well as by virtue of the intact § 912 conviction). Thus, for this reason as well, he cannot obtain relief he seeks in his *coram nobis* petition.

We have considered Kimberlin's other arguments, but none warrants relief.

AFFIRMED