**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel Adolf VALDEZ–PACHECO, Defendant–Appellant.**

No. 00–30006.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2000[1]

Filed Jan. 23, 2001

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel Adolf Valdez–Pacheco, pro se, Lompoc, California, for the defendant-appellant.

Frank Noonan, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: TROTT, GRABER and McKEOWN, Circuit Judges.

## PER CURIAM:

Miguel Adolf Valdez–Pacheco ("Valdez") appeals pro se the district court's denial of his petition for a writ of *audita querela,* challenging his conviction and sentence resulting from his jury trial conviction in 1989 for various controlled substance offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1989, Valdez was convicted after a jury trial on eight drug-trafficking counts, including engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, conspiracy to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. § 846, and possession of cocaine and heroin with the intent to distribute them, in violation of 21 U.S.C. § 841. He was sentenced to 360 months' imprisonment. On direct appeal, we affirmed his convictions and sentence except as to the conspiracy count, and remanded to the district court with directions to enter an order staying the entry of judgment and imposition of sentence on that count. *United States v. Valdez–Pacheco,* No. 89–30209, 1991 WL 94363 (9th Cir. June 3, 1991) (unpublished memorandum disposition).

Valdez filed his first motion to vacate or correct his sentence under 28 U.S.C. § 2255 on September 14, 1993. In that motion, Valdez raised claims of ineffective assistance of counsel, violations of due process, and insufficient evidence. The district court denied the motion, and we affirmed. *United States v. Valdez–Pacheco,* No. 95–35997, 1998 WL 23209 (9th Cir. Jan. 21, 1998) (unpublished memorandum disposition).

Valdez filed a second § 2255 motion on February 6, 1995, which the district court denied on July 18, 1996. He next filed two motions to correct an illegal sentence under Federal Rule of Criminal Procedure 35, one on February 14, 1997, and one on March 7, 1997. The district court denied both motions on August 1, 1997. Valdez then filed a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2) on September 23, 1998, which the district court denied on September 21, 1999. No appeals were taken in any of those matters.

On October 18, 1999, Valdez filed a petition in the district court that he styled as a petition for a writ of *audita querela* under 28 U.S.C. § 1651, the so-called "All Writs Act." Valdez for the first time challenged the district court's jurisdiction to impose an enhanced sentence, based on the government's alleged failure to file the requisite information denoting the prior convictions upon which the enhanced sentence was based. *See* 21 U.S.C. § 851(a)(1).[2]

---

**2.** 21 U.S.C. § 851(a)(1) provides in part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

He also renewed his sufficiency of the evidence challenge to the drug possession convictions and his double jeopardy challenge to the conspiracy conviction, both of which were addressed in his direct appeal.

On November 16, 1999, the district court, without ordering a response from the government, denied the petition because Valdez had failed to "allege circumstances arising after the judgment that would amount to a defense or discharge of the case against him." After the district court found excusable neglect, we deemed Valdez's notice of appeal timely.

## II. DISCUSSION

Valdez contends on appeal that the district court erred by dismissing his petition because the writ of *audita querela* is available to remedy his alleged harms. The government contends that the district court properly dismissed the petition because a federal prisoner cannot challenge a conviction or sentence by way of a petition for a writ of *audita querela* if the prisoner's claims could be raised in a motion pursuant to § 2255. We agree with the government.

■ We review de novo the question whether a federal prisoner challenging a conviction and sentence may properly file a petition for a writ of *audita querela* under the All Writs Act. *See United States v. Ripinsky,* 20 F.3d 359, 361 (9th Cir. 1994) ("The interpretation of a statute is a question of law reviewed de novo.").

At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment. 7 Am. Jur.2d *Audita Querela* § 1 (1997). *Audita querela* has been expressly abolished in civil cases by the Rules of Civil Procedure. *See* Fed.R.Civ.P. 60(b). The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) and the

All Writs Act. *See Doe v. INS,* 120 F.3d 200, 203 (9th Cir.1997); 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

In *Morgan,* the Court decided that Rule 60(b) did not abolish a federal prisoner's right to petition for the related common law writ of *coram nobis* because such a petition is part of the original criminal case, not a separate civil proceeding. *Morgan,* 346 U.S. at 505–06 n. 4. The Court further concluded that § 2255 did not encompass the entire field of postconviction relief and that, in the proper circumstances, *coram nobis* remained available to invalidate a defective federal criminal conviction. *Id.* at 511.

■ We have stated subsequently that *Morgan* stands for the proposition that the common law writs, such as *coram nobis* and *audita querela,* are available to " 'fill the interstices of the federal postconviction remedial framework.' " *Doe,* 120 F.3d at 203 (quoting *United States v. Ayala,* 894 F.2d 425, 428 (D.C.Cir.1990)). In other words, the common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief.

■ Other circuits have concluded that *audita querela* is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255. *See United States v. Banda,* 1 F.3d 354, 356 (5th Cir.1993) (stating that "the writ is not available where, as here, the defendant may seek redress under § 2255"); *Ayala,* 894 F.2d at 430 (concluding that, because the appellant's claims were "clearly cognizable in a section 2255 proceeding[,]" his "only proper remedy [was] a motion under section 2255"); *United States v. Kimberlin,* 675 F.2d 866, 869 (7th Cir.1982) (stating that, although the appropriateness of

*audita querela* as a remedy in criminal cases is questionable, "what is plain is that it cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions"). We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no "gap" to fill in the postconviction remedies.

 Moreover, we reject Valdez's contention that *audita querela* is available in his case due to the fact that he is precluded from raising his claims in a § 2255 motion by those provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, tit. I, § 105, 110 Stat. 1214, 1220 (AEDPA) (codified in relevant part at 28 U.S.C. §§ 2255 and 2244), that limit the rights of a prisoner to file a second or successive motion.[3] A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs. *See Kimberlin*, 675 F.2d at 869; *see also In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of

the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); *cf. Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred), *cert. denied,* —— U.S. ——, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).[4]

Because Valdez's claims are cognizable in a § 2255 motion to vacate his conviction and sentence, the writ of *audita querela* is not available to him. The district court therefore properly denied his petition.

**AFFIRMED.**

---

3. Section 2255, as amended by AEDPA, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4. Indeed, although we do not here conclude that there can never be a gap for *audita querela* to fill, we do point out that AEDPA's limitations do not amount to a suspension of the writ, *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and that § 2255 contains its own "gap filling" provision, which allows federal prisoners to file, in the proper circumstances, habeas corpus petitions under 28 U.S.C. § 2241 if § 2255 is otherwise inadequate or ineffective. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000).