**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gordon Owen MILLER, Defendant–**
**Appellant.**

**No. 00–10369.**
**D.C. No. CR–93–05076–OWW.**

United States Court of Appeals,
Ninth Circuit.

Submitted March. 16, 2001.*

Decided April 24, 2001.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

## MEMORANDUM **

Gordon Owen Miller ("Miller") appeals pro se from the district court's denial of his petition for a writ of audita querela challenging his sentence for conspiracy and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Miller argues on appeal that the sentencing court erred in enhancing his sentence based on a prior conviction because the government failed to comply with the requirements of 21 U.S.C. § 851. Specifically, he alleges that the information that the government filed identified a prior conviction for possession of heroin, although Miller had actually been convicted for possession of Lysergic Acid. We affirm the dismissal of his petition.

Our decision in *United States v. Valdez–Pacheco*, 237 F.3d 1077 (9th Cir. 2001), controls. In *Valdez–Pacheco*, we held, on similar facts, that "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under [28 U.S.C.] § 2255." *Id.* at 1080. The writ of audita querela is only available to "fill the interstices of the federal postconviction remedial framework." *Id.* at 1079 (quoting *Doe v. INS*, 120 F.3d 200, 203 (9th Cir.1997)). In that case, because Valdez–Pacheco's challenge to the government's compliance with § 851 was cognizable under a § 2255 habeas petition, we held that the writ of audita querela was unavailable. *Id.* at 1080.

In this appeal, Miller asserts claims which not only are cognizable under § 2255, but were addressed on the merits in a prior § 2255 petition. Therefore, the writ of audita querela is not available and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the district court correctly dismissed Miller's petition.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.