**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Thomas RHODES, Defendant–
Appellant.**

No. 00–15901.

D.C. Nos. CR–84–00039–ECR
CV–00–00158–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM **

David Thomas Rhodes appeals pro se
the district court's denial of his petition for
a writ of *coram nobis*, filed pursuant to 28
U.S.C. § 1651(a), challenging his 1985 con-
victions for conspiring to possess with in-
tent to distribute cocaine, interstate travel
in aid of racketeering, unlawful use of a
communication facility, and possession of
unregistered firearms. We have jurisdic-
tion pursuant to 28 U.S.C. § 1291. We
review de novo the district court's denial of
a petition for a writ of *coram nobis, Unit-
ed States v. Walgren,* 885 F.2d 1417, 1420
(9th Cir.1989), and we affirm.

The district court properly denied
Rhodes' petition because Rhodes cannot
show that "valid reasons exist for not at-
tacking the conviction earlier." *Hirabaya-*

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2). Accordingly, Rhodes' re-
quest for oral argument is denied.

*shi v. United States,* 828 F.2d 591, 604 (9th
Cir.1987). Indeed, Rhodes has raised, un-
successfully, the issue set forth in his peti-
tion in several prior proceedings, including
motions filed pursuant to 28 U.S.C. § 2255.
*See e.g., United States v. Rhodes,* No. 86–
2961, 1988 WL 82800 (9th Cir. Feb.17,
1989). The writ of *coram nobis* is there-
fore not available to him. *See United
States v. Valdez–Pacheco,* 237 F.3d 1077,
1079 (9th Cir.2001) (per curiam) (stating
that "common law writs survive only to the
extent they fill 'gaps' in the current sys-
tems of postconviction relief"); *cf. Wal-
gren,* 885 F.2d at 1420 (concluding that
valid reasons for not attacking conviction
earlier existed where claim was based on
recent and fully retroactive change in law);
*Hirabayashi,* 828 F.2d at 605 (reaching
same conclusion where claim was based on
newly discovered evidence that could not
have been found earlier despite petition-
er's due diligence).

AFFIRMED.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.