United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50372
Conference Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ABEL TAVAREZ,

                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-80-CR-100-2-EP
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

     Abel Tavarez, federal prisoner # 94442-080, appeals the district court's dismissal of his motion for a writ of *audita querela* wherein he sought to challenge his conviction for conspiracy to possess with the intent to distribute heroin, aiding and abetting the distribution of heroin, and possession with the intent to distribute heroin.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The writ of *audita querela* is not available where the prisoner has a remedy under 28 U.S.C. § 2255.  See <u>United States v. Banda</u>, 1 F.3d 354, 356 (5th Cir. 1993).  The fact that the movant cannot meet the requirements for bringing a successive 28 U.S.C. § 2255 motion under the AEDPA does not render the 28 U.S.C. § 2255 remedy unavailable.  See <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001).  To the extent that Tavarez argues that he has been released from confinement and thus cannot proceed under 28 U.S.C. § 2255, Tavarez has not yet discharged his term of special parole; therefore, he is "in custody" for habeas corpus purposes.  See <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989).

AFFIRMED.