

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# USA v. Coleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Coleman" (2006). *2006 Decisions.* Paper 1764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-20                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4639
_____

UNITED STATES OF AMERICA

vs.

ROBERT L. COLEMAN, JR.,
                                    Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 94-cr-00085-02)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2005

BEFORE:  SCIRICA, <u>CHIEF JUDGE</u>, WEIS and GARTH, <u>CIRCUIT JUDGES</u>

(Filed: January 10, 2006)

_____

OPINION
_____

PER CURIAM.

        Appellant Robert Coleman was convicted following a jury trial in the

District Court for the Middle District of Pennsylvania of conspiracy to and possession

with intent to distribute fifty or more grams of crack cocaine. He was sentenced to 262 months imprisonment. We affirmed in United States v. Coleman, 68 F.3d 457 (3d Cir. 1995). Appellant filed a petition for writ of certiorari, which was denied. See Coleman v. United States, 516 U.S. 980 (1995). On June 27, 2001, Appellant filed a motion under 28 U.S.C. § 2255, which was denied by the District Court as time-barred. Coleman then filed an application under 28 U.S.C. § 2244 to file a second or successive motion under § 2255. That application was denied by this Court. On February 22, 2005, Coleman filed another 28 U.S.C. § 2255 motion in the District Court raising issues arising under United States v. Booker, 543 U.S. 220 (2005). The District Court denied Coleman's Motion. Coleman then filed a Motion for Reconsideration, which was denied. He appealed and we denied his application for a certificate of appealability on November 1, 2005.

While Coleman's application for a certificate of appealability was pending, he filed a petition in the District Court under the All Writs Act, 28 U.S.C. § 1651, specifically the ancient writ of audita querela, contending that his Sixth Amendment rights were violated based upon the recent Supreme Court decision in Booker. In an Order dated September 27, 2005, the District Court denied this petition. Coleman timely filed a notice of appeal. The parties were notified by our Clerk that we might act summarily and we invited the parties to submit responses. Appellant filed an informal brief in response.

We will summarily affirm the District Court's Order under Third Circuit

2

LAR 27.4 and I.O.P. 10.6, because it appears that no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. Section 2255 is not inadequate or ineffective so as to enable Coleman to resort to the All Writs Act, 28 U.S.C. § 1651, specifically the writ of audita querela, merely because he previously suffered an adverse decision in a Section 2255 proceeding.

The All Writs Act is a residual source of authority to issue writs in exceptional circumstances. See Pa. Bureau of Corr. V. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). We have held that Section 2255 is not inadequate or ineffective merely because a petitioner was unable to meet the stringent gatekeeping requirements for second or successive Section 2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)(per curiam); In re Dornsainvil, 119 F.3d 245, 251 (3d Cir. 1997). This principle applies to a petition for a writ of audita querela.[1] In United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001), the Court of Appeals for the Ninth Circuit held, and we agree, that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those limitations create a gap in post-conviction remedies that must be filled by the common law writs," specifically audita

---

[1] The ancient writ of audita querela was used to attack a judgment that was correct when it was rendered but later became incorrect as a result of matters arising after it issued. See, e.g., Doe v. Immigration & Naturalization Serv., 120 F.3d 200, 203 n.4 (9th Cir. 1997)(citations omitted).

querela.  Id. at 1080 (citations omitted).  Thus, issuance of a writ of audita querela is not an available remedy here.

We will summarily affirm the Order of the District Court dismissing the petition.