

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2006

# USA v. Paster

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1468

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Paster" (2006). *2006 Decisions.* Paper 842.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/842

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-70    (June 2006)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1468
_____

UNITED STATES OF AMERICA,


vs.

MITCHELL F. PASTER,
Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Crim. No.  96-cr-00221-1)
District Judge: Honorable Malcolm Muir
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006
BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed:  June 23, 2006)
_____

OPINION
_____

PER CURIAM.

Mitchell F. Paster, a prisoner, appeals the denial by the United States

District Court for the Middle District of Pennsylvania of his petition for writ of audita

querela.



Paster pled guilty to second degree murder in 1997 in District Court.  Paster

successfully appealed his original sentence, resulting in his re-sentencing in 1999 to a term of imprisonment of twenty-one years and ten months. In 2001, Paster filed a § 2255 motion, which the District Court denied in 2002. This Court denied a certificate of appealability. The Supreme Court denied Paster's petition for certiorari.

Paster now seeks re-sentencing pursuant to a petition for a writ of <u>audita querela</u>, requesting relief pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005). The District Court treated the petition as a second or successive § 2255 motion, and denied it because Paster failed to obtain prior authorization to file the motion from this Court. For essentially the same reasons set forth by the District Court in its Order, we will summarily affirm.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only. <u>Pennsylvania Bureau of Correction v. U.S. Marshals Serv.</u>, 474 U.S. 34, 43 (1985). The Court of Appeals for the Ninth Circuit has held, and we agree, that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs" such as <u>audita querela</u>. <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001). Thus, we have held that section 2255 is not rendered "inadequate or ineffective," thereby enabling a prisoner to resort to <u>coram nobis</u>, by the mere fact that he cannot meet the stringent standards for authorizing the filing of a second or successive

2

section 2255 motion. <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3d Cir. 2000) (<u>per curiam</u>).  The same reasoning applies to petitions for a writ of <u>audita querela</u>.  <u>See</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) (writ of <u>audita querela</u> unavailable where relief is cognizable under section 2255).[1]

A petitioner seeking to pursue a second or successive § 2255 motion in District Court must obtain leave from this Court before doing so.  <u>See</u> § 28 U.S.C. §§ 2255 ¶ 8 & 2244.  As the Court correctly determined, Paster's petition constituted an unauthorized second or successive § 2255 motion to vacate his sentence.  The District Court properly denied the § 2255 motion for lack of jurisdiction.  <u>See</u> <u>Robinson v. Johnson</u>, 313 F.3d 128 (3d Cir. 2002).

Because no substantial question is presented by this appeal, the District Court's judgment will be affirmed.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6

---

[1]  We note that, even if <u>audita querela</u> were otherwise available, Paster would not be able to rely on <u>Booker</u> because that decision does not apply retroactively to cases on collateral review.  <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005).