

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2006

# Hazard v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hazard v. Samuels" (2006). *2006 Decisions*. Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-40
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3127
_____

RONALD L. HAZARD,
                              Appellant

v.

WARDEN CHARLES E. SAMUELS, JR.;
UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 06-cv-01833)
District Judge: Honorable Jerome B. Simandle
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2006

Before:  RENDELL, SMITH and COWEN, <u>Circuit Judges</u>

(Filed:   December 11, 2006)

_____

OPINION OF THE COURT
_____

PER CURIAM

        Ronald L. Hazard appeals from an order of the United States District Court for the

District of New Jersey denying his petition for a writ of habeas corpus for lack of

jurisdiction.

In 1995, Roland A. Hazard pleaded guilty before the U.S. District Court for the District of Connecticut to two counts of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The District Court sentenced Hazard to 235 months incarceration. Hazard challenged the calculation of his sentence on direct appeal. The Second Circuit Court of Appeals affirmed. See United States v. Hazard C.A. No. 95-1062.

On April 16, 2006, Hazard filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey challenging his sentence as unconstitutional.[1] Hazard asserted that his sentence is unconstitutional because the District Court determined the length of his sentence based on a drug quantity that was not specified in the indictment, admitted to in the guilty plea, or found beyond a reasonable doubt by a jury. Although Hazard did not specifically cite Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), the District Court construed Hazard's petition as asserting that his sentence was unconstitutional under Apprendi and Booker. The District Court dismissed Hazard's petition for lack of jurisdiction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's judgment is de novo. United States v. Cleary, 46 F.3d 307, 309-310 (3d. 1995).

---

[1] Hazard is presently incarcerated in F.C.I. Fort Dix, New Jersey.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Hazard concedes that he failed to file a motion pursuant to § 2255, but argues that such a motion would be inadequate or ineffective pursuant to In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) because of an intervening change in the law.

We agree with the District Court that Hazard's § 2241 petition asserts that his sentence is unconstitutional under Apprendi and Booker. However, Hazard has not demonstrated that § 2255 is "inadequate or ineffective." Unlike the intervening law in In re Dorsainvil, the decisions in Apprendi and Booker did not decriminalize the conduct for which Hazard was convicted. See Okereke, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective," where petitioner sought to raise sentencing claim based on the intervening decision in New Jersey v. Apprendi); see also Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (finding that a §2241 petition based on the intervening decision in United States v. Booker does not fall within the "savings clause" of § 2255). Furthermore, we have held that neither of the holdings in Apprendi or Booker is

3

applicable retroactively to cases on collateral review.  See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003); Lloyd v. United States, 407 F.3d 608, 613-615 (3d Cir. 2005).  Accordingly, we agree with the District Court's determination that it lacked jurisdiction to decide Hazard's § 2241 petition.

Although Hazard did not file a response regarding summary action, he has filed a document on appeal titled, "Informal Brief and Request of Initial En Banc Hearing,"and we have considered the arguments made in that document in reaching our decision in this matter.  Hazard requests that we re-characterize his § 2241 petition and his informal brief as a petition for writ of audita querela under 28 U.S.C. § 1651 if we conclude that relief is unavailable under § 2241.  We decline that request.  The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only.  Pennsylvania Bureau of Correction v. U.S. Marshal Serv., 474 U.S. 33, 34 (1985).  The United States Court of Appeals for the Ninth Circuit has held that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."  United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (2001).  We find the Ninth Circuit's reasoning persuasive.  See also United States v. Baptiste, 417 f.3d 1172, 1175 (11th Cir. 2005) (holding a writ of audita querela unavailable where relief is cognizable under § 2255).  As we have determined that no substantial question is presented in this appeal, we also decline to refer appellant's document to the Court en banc.

For the foregoing reasons, we will summarily affirm the District Court's order pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.