

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2009

# USA v. Orlando Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Orlando Sanchez" (2009). *2009 Decisions.* Paper 1857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3368
_____

UNITED STATES OF AMERICA

v.

ORLANDO SANCHEZ, a/k/a ORLANDO SARRIA,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 92-cv-00319)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(filed: February 18, 2009)
_____

OPINION
_____

PER CURIAM.

        Orlando Sanchez, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania denying his

1

petition for a writ of error audita querela. We will affirm the District Court's order.

In 1993, Sanchez was convicted of conspiracy to distribute cocaine, possession by a felon of a firearm, and using or carrying a firearm in relation to a drug trafficking crime. Sanchez was sentenced to a term of 386 months in prison. In 1994, we affirmed Sanchez's conviction and sentence, and the United States Supreme Court denied Sanchez's petition for a writ of certiorari. In 2001, the District Court denied Sanchez's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We denied his request for a certificate of appealability.

In 2005, we affirmed the District Court's denial of Sanchez's motion pursuant to 18 U.S.C. § 3582(c), in which he argued that he was entitled to a sentence reduction under United States v. Booker, 543 U.S. 220 (2005). We explained that Sanchez's challenge to his sentence fell within the purview of a motion under § 2255, and that our authorization was required to file a second or successive § 2255 motion. We noted that Booker is not retroactively applicable to cases on collateral review.

Sanchez then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Relying on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), Sanchez argued that the sentencing court might have imposed a shorter sentence if the court did not view the sentencing guidelines as mandatory, and that he was punished for acts that were not found by a jury. The District Court denied Sanchez's

2

petition, and this appeal followed.

The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The common law writ of audita querela survives only to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). The District Court correctly held that Sanchez may not invoke the writ of audita querela because his claims are cognizable under § 2255. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the writ of audita querela is unavailable where relief is cognizable under § 2255); Valdez-Pacheco, 237 F.3d at 1079-80 (same).

As recognized by the District Court, Sanchez may not avoid AEDPA's requirements for filing second or successive § 2255 motions by filing a petition for a writ of audita querela. See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis when he cannot meet the standards for filing a second or successive § 2255 motion). In addition, as noted above, even if Sanchez did not need our authorization to file a § 2255 motion, he would not succeed under § 2255 because Booker and Apprendi do not apply retroactively to cases on collateral review. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003).

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order denying Sanchez's petition for a writ of audita querela.