

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2009

# USA v. James Fraction, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Fraction, Jr." (2009). *2009 Decisions.* Paper 1771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-100                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3807
_____

UNITED STATES OF AMERICA

v.

JAMES E. FRACTION, JR.,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 95-cr-00597)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before: RENDELL, HARDIMAN, and GREENBERG, Circuit Judges

(Filed: March 5, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

        James Fraction, proceeding pro se, appeals from the District Court's order denying

his petition for Writ of Error per: Audita Querela and All Writs Act, 28 U.S.C. § 1651.

The District Court held that Fraction's claims are cognizable under 28 U.S.C. § 2255, and

as a result, the writ of audita querela was not available as a remedy. The Court denied

Fraction's motion without prejudice to his right to file a motion under either 28 U.S.C. §

2255 or 28 U.S.C. § 2241. Fraction filed a timely notice of appeal in this Court. Fraction

then filed a document purporting to be habeas petition pursuant to 28 U.S.C. § 2241 in

this Court. For the reasons to follow, we will summarily affirm the District Court's order

pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 because no substantial question is

presented by this appeal.

In his petition, Fraction alleged that Congress violated the Quorum and General

Journal Clause, Article 1, Section 5, of the United States Constitution, in its 1947 revision

of Title 18 of the United States Code.[1] According to Fraction, no quorum was present

when Congress voted on the bill. Therefore, Fraction contends, his conviction under 18

U.S.C. § 3231 is unconstitutional.

Motions pursuant to 28 U.S.C. § 2255 are "the presumptive means by which

federal prisoners can challenge their convictions or sentences that are allegedly in

violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

2002)(citing Davis v. United States, 417 U.S. 333, 343 (1974)); see also Wright v. Cuyler,

624 F.2d 455, 457 (3d Cir. 1980)). The All Writs Act under which Fraction filed his

petition is a residual source of authority to issue writs "where exceptional circumstances

---

[1]Title 18 of the United States Code is the criminal and penal code of the federal
government of the United States, dealing with federal crimes and criminal procedure.

2

require it." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). In United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001), the Court of Appeals for the Ninth Circuit held that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs" such as audita querela. Id. at 1080. As a result, § 2255 is not rendered "inadequate or ineffective," thereby enabling a prisoner to resort to coram nobis, by the mere fact that he cannot meet the stringent standards for authorizing the filing of a second or successive § 2255 motion. United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000)(per curiam). The same applies to petitions for a writ of audita querela. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)(writ of audita querela unavailable where relief is cognizable under § 2255). As a result, the District Court was correct to deny Fraction's petition, and we will summarily affirm the District Court's decision.

We also note that Fraction has filed a habeas petition pursuant to § 2241 in this Court. Such a petition must first be filed in the appropriate District Court. We express no opinion on the merits of Fraction's claim.