OPINION
PER CURIAM.
Appellant Lamar McCrory, proceeding pro se, appeals from the District Court’s denial of his Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C. § 1651. For the reasons that follow, we will summarily affirm the order of the District Court.
In 1996, McCrory was found guilty of conspiracy to commit armed bank robbery, armed bank robbery, and carrying and using a firearm during a crime of violence. After his conviction and sentence were affirmed on appeal, he filed a 28 U.S.C. § 2255 motion, a Rule 60(b) motion to vacate the judgment of conviction, a motion for an evidentiary hearing, and two applications to file a second or successive 28 U.S.C. § 2255 motion, all of which were denied. On April 24, 2008, McCrory filed a document in the United States District Court for the Eastern District of Pennsylvania entitled “Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C. § 1651.” In it, he averred that he had recently discovered, through a conversation with his trial counsel, that before the *734 trial, the Government had made him a plea offer which counsel faded to communicate to him and which he would have taken if given the opportunity, and that one of the prosecution’s key witnesses was hypnotized in preparation for her testimony at trial. On December 24, 2008, 2008 WL 5381358, the District Court entered a memorandum and order denying McCro-ry’s motion. McCrory now appeals.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] The District Court denied McCrory’s petition for a writ of audita querela on the ground that to permit it to proceed would be to circumvent the intent of Congress in enacting AEDPA. In United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir.2001), the United States Court of Appeals for the Ninth Circuit held that while the common law writ of audita querela can be used in criminal cases to the extent that it “fill[s] ‘gaps’ in the current systems of postconviction relief,” a federal prisoner “may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.” Id. at 1079-80; see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir.2005) (writ of audita querela unavailable where relief is cognizable under § 2255). McCrory’s inability to bring a second § 2255 motion at the present time does not render § 2255 inadequate or ineffective to challenge his eonviction. Cf. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002) (per curiam) (explaining that “Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255”); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir.2000) (per curiam) (holding that “the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/ she is unable to meet AEDPA’s gatekeep-ing requirements”). Based on the foregoing, we conclude that McCrory may not use the writ of audita querela to circumvent AEDPA’s gatekeeping requirements.
Because McCrory’s appeal presents no substantial question, we will summarily affirm the order of the District Court denying relief. See 3d Cir. LAR 27.4; I.O.P. 10.6.

. Although we originally indicated that this appeal might be dismissed as untimely, we conclude that it will not. McCrory filed his notice of appeal on March 10, 2009. On March 12, 2009, he filed a motion for an extension of time in which to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). On March 18, 2009, the District Court granted his request for an extension of time. This extended the period in which to file his appeal from February 23, 2009 to either March 23, 2009 or April 1, 2009. See Fed. R.App. P. 4(a)(1)(B); 4(a)(5). Because McCrory's notice of appeal was filed with this time frame, we have jurisdiction to consider his appeal. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) (holding that the timely filing of a notice of appeal is a jurisdictional requirement).