Louis A. HYMAN, Appellant

v.

UNITED STATES of America.

No. 09–1912.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 July 30, 2009.

Opinion filed:  Aug. 24, 2009.

Louis A. Hyman, Fort Dix, NJ, pro se.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Louis Hyman, a federal prisoner proceeding *pro se,* appeals an order of the United States District Court for the District of New Jersey dismissing his petition

for a writ of audita querela. We will affirm the District Court's order.

In 2003, Hyman pleaded guilty to conspiracy to obstruct articles in interstate commerce, conspiracy to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, and carrying a firearm in relation to a crime of violence. Hyman was sentenced to an aggregate term of 176 months in prison. He did not file a direct appeal. In 2007, the District Court denied Hyman's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 because it was untimely filed. We denied Hyman's request for a certificate of appealability.

Hyman then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Hyman argued that the statute of limitations applicable to his § 2255 motion should have been equitably tolled because his attorney failed to file a direct appeal on his behalf, and that he is entitled to re-sentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court denied Hyman's petition, and this appeal followed.[1]

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* While the writ of audita querela has been abolished in civil cases, *see* Fed.R.Civ.P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.2005); *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir.2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

■ A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Hyman may not relitigate the denial of his § 2255 motion via a petition for a writ of audita querela. In addition, Hyman may not seek relief under *Booker* through a petition for a writ of audita querela because such a claim is cognizable in a § 2255 motion. There is no gap to fill in the post-conviction remedies.[2] Hyman may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez–Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). *See also United*

---

1. Hyman's motion to proceed *in forma pauperis* on appeal is granted. His motion to waive the filing fee is denied.

2. In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002) (per curiam). *See also In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). This is not the case here.

*States v. Baptiste,* 223 F.3d 188, 189–90 (3d Cir.2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order. Hyman's "Motion for the Appeal Courts Merits Panel" is denied.