**UNITED STATES of America**

v.

**Joseph David ZEMBA, Appellant.**

**No. 09–1939.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 30, 2009.

Opinion filed: Aug. 25, 2009.

Almon S. Burke, Jr., Esq., Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Joseph David Zemba, Florence, CO, pro se.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Joseph Zemba, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his petition for a writ of audita querela. We will affirm the District Court's order.

In 2001, Zemba was convicted of possession of a firearm by a convicted felon. The sentencing court determined that Zemba was an armed career criminal subject to the enhanced penalty provisions of 18 U.S.C. § 924(e). Zemba was sentenced to a term of 293 months in prison. In 2003, we affirmed the judgment of conviction, and the United States Supreme Court denied Zemba's petition for a writ of certiorari. In 2007, the District Court denied Zemba's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Zemba then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela

in District Court. Zemba argued that his sentence is invalid under *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), which limited the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence. In a supplemental filing, Zemba challenged his sentence on Second Amendment grounds. The District Court dismissed Zemba's petition, and this appeal followed.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* While the writ of audita querela has been abolished in civil cases, *see* Fed.R.Civ.P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir.2005); *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001). *See also United States v. Richter,* 510 F.3d 103, 104 (2d Cir.2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Zemba may not seek relief via a petition for a writ of audita querela because his claims are cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Zemba may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez–Pacheco,* 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). *See also United States v. Baptiste,* 223 F.3d 188, 189–90 (3d Cir.2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).[2]

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.

1. In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002) (per curiam). *See also In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997). This is not the case here.

2. *Kessack v. United States,* 2008 WL 189679 (W.D.Wash. Jan. 18, 2008), an unpublished decision relied upon by Zemba, is not persuasive. As noted by the District Court, although *Kessack* suggests that the writ of audita querela may fill a gap in § 2255 where a case does not apply retroactively on collateral review, the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements. We also note that *Kessack* presented equal protection considerations not present here.