*163 OPINION
PER CURIAM.
Richard Dandar is a Pennsylvania prisoner who submitted a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania in late February 2008. The petition was filed on the receipt of his filing fee on March 11, 2008. In May 2008, the District Court directed the Commonwealth to respond to the petition and to furnish the state court records. The Commonwealth filed a response in June 2008. The state court records arrived in late August 2009. Dandar’s habeas petition remains pending.
Since the time that he filed his petition, Dandar has filed numerous motions in the District Court. In two separate motions, he sought the recusal of the Magistrate Judge and the District Court Judge assigned to his case. He filed an appeal in this Court of the orders denying his motions for recusal. He also filed, for instance, a motion to stay proceedings in the District Court, a motion for release on bail (which he also filed in this Court), motions for injunctive and declaratory relief, and motions to compel. The District Court has dutifully disposed of the motions that Dan-dar filed as they have become ripe for disposition. Dandar continues to file motions (and appeals to this Court related to some of the District Court’s rulings).
Dandar now presents a petition for a writ of mandamus. He seeks a writ of mandamus (or a writ of error or a writ of coram nobis) to compel a ruling and final judgment on his pending habeas petition. In his mandamus petition, he also complains about how he is being housed in prison. Dandar filed two documents after he filed his mandamus petition. In the first one, he explains that he is entitled to mandamus relief because the lack of a ruling on his habeas petition and the delay violate rules of civil procedure and principles of due process, among other things. He also requests that counsel be appointed. Dandar additionally includes a motion for declaratory relief, namely (it appears), a ruling that the District Court is to proceed on the original record in his case. Dandar’s other filing, in which he seems to seek declaratory and injunctive relief, relates to how he is being housed in prison (and the potential repercussions of his housing situation).
We -will deny Dandar’s petition for a writ of mandamus. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Within the discretion of the issuing court, mandamus traditionally may be “used ... only ‘to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.’ ” Id. (citations omitted). Although an appellate court may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996), a writ of mandamus is not appropriate here. Although a considerable amount of time has passed since the initial filing of Dan-dar’s habeas petition, see id., (noting that a seven-month delay in adjudicating a habe-as petition may be “of concern”), much less time has passed since the filing of the state court records required to adjudicate it. Moreover, during the entire time that his habeas petition has been pending, the District Court has been busy deciding the numerous motions that Dandar filed. The District Court has not failed to exercise jurisdiction over Dandar’s case, and we are confident that the District Court will expeditiously rule on Dandar’s petition.
*164 For these reasons, we will deny Dan-dar’s mandamus petition.[1] We also deny Dandar’s motion for appointment of counsel and his other pending motions (many of which do not relate to this mandamus action or his habeas action in the District Court).

. We also deny his associated requests for a writ of error or a writ of coram nobis. Common law writs are of no help to Dandar in this context. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir.2001).