**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WILLIAM M. BRYSON, Jr., | No. 12-17106 |
| Petitioner - Appellant, | D.C. No. 1:12-cv-00322-AWI |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Federal prisoner William M. Bryson appeals pro se from the dismissal of his

petition for a writ of audita querela requesting a refund of a $100 special

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

assessment imposed as part of his sentence for money laundering.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether a federal prisoner may file a petition for a writ of audita querela, *see United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam), and may affirm on any ground supported by the record, *see Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009).

Bryson contends that he is entitled to a refund because there is insufficient evidence to support his money laundering conviction.  Dismissal of the petition was proper because these arguments are cognizable in a 28 U.S.C. § 2255 motion. *See Valdez-Pacheco*, 237 F.3d at 1079-80 (a writ of audita querela is only available to fill in "gaps" in postconviction remedies).  That Bryson has already sought habeas relief and is now precluded from filing a section 2255 motion absent authorization from the Court of Appeals does not make a writ of audita querela available to him.  *See id*. at 1080.

We do not consider Bryson's additional arguments.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (this court does not consider

---

[1]  The district court's order erroneously states that Bryson filed a habeas petition under 28 U.S.C. § 2241.  However, the magistrate judge's findings and recommendation, which were adopted in full, accurately describe and analyze Bryson's filing as a petition for a writ of audita querela.

arguments raised for the first time on appeal or in the reply brief).

Bryson's motion to strike the answering brief is denied.

**AFFIRMED.**