

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-55221 |
| Plaintiff - Appellee, | D.C. Nos. 2:07-cv-02613-SVW |
| v. | 2:95-cr-00165-SVW-3 |
| DARNELL CROOKSHANK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 7, 2014**
Pasadena, California

Before:     HAWKINS and GRABER, Circuit Judges, and SEDWICK,*** District
            Judge.

Defendant-Appellant Darnell Crookshank appeals from the district court's

denial of his petition for a writ of *audita querela*.  Crookshank sought to employ

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

***     The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

the writ to attack the life sentences imposed for his 1996 felony drug convictions, sentences which depended on the existence of two prior felony drug convictions. Crookshank's contention was that his 1991 conviction should not be counted as a felony drug offense because the offense was a "wobbler" under California law and he was sentenced to less than a year of incarceration.

Crookshank unsuccessfully appealed the 1996 convictions and sentences. Subsequently, Crookshank filed a collateral attack against the 1996 judgment pursuant to 28 U.S.C. § 2241 and two other collateral attacks pursuant to § 2255. Some years later, in 2010, he filed his petition for a writ of *audita querela*. The issue raised in the petition is one which could be raised pursuant to 28 U.S.C. § 2255. We have held that, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam). We have also held that the fact that a second or successive § 2255 motion may be barred pursuant to § 2255(h) does not permit circumvention of the statute by styling a second or successive motion as a petition for a writ of *audita querela*. Id.

Crookshank's petition is in reality a second or successive motion pursuant to § 2255. Crookshank did not obtain the certification required by § 2255. For that reason, the district court lacked jurisdiction to hear the petition.

Treating Crookshank's petition as a request for the certification required by 28 U.S.C. § 2255(h), we deny the request, because he has presented neither "newly discovered evidence" nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

This case must be returned to the district court with orders that its judgment be vacated and the petition dismissed for lack of jurisdiction.

VACATED and REMANDED. Costs on appeal are awarded to Plaintiff-Appellee.