DLD-123                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3470
_____

UNITED STATES OF AMERICA

v.

RICHARD POTTS, a/k/a NASIR HAQQ;
a/k/a NASIR JONES; a/k/a NASIR;  a/k/a NAZ,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-01-cr-00457-3)
District Judge: Jan E. DuBois

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 or Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253
March 7, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 2, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard Potts appeals from an order of the District Court denying his petition for a writ of audita querela. For the reasons that follow, we will summarily affirm.

Potts was convicted of conspiracy to distribute more than 50 grams of cocaine base within 1,000 feet of a school and murder in furtherance of a continuing criminal enterprise or a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A). Following an appeal and remand for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), the District Court sentenced Potts to life imprisonment. We then affirmed, see United States v. Potts, 2007 WL 2783349 (3d Cir. Sept. 26, 2007).

Potts' sentence and conviction arose from his role in a large-scale cocaine and crack distribution organization. Specifically, he was "co-owner" of the organization's operation at the corner of Wardoff and Cambria streets in Philadelphia, Pennsylvania, for sixteen months. At his sentencing in July 2003, the District Court imposed a forfeiture judgment of $2.4 million based on the amount of money received by the street corner drug distribution organization over which Potts was co-owner.

On June 4, 2018, Potts filed a pro se motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and the common law writ of audita querela. Potts sought a recalculation of the $2.4 million forfeiture judgment against him in light of the United States Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626 (2017). Without citing any support from the record, Potts asserted that his forfeiture judgment was $1.5 million in excess of the amount attributable to him as a result of his participation in the organization.

2

The Government answered Potts' petition for extraordinary relief, and, among other arguments, asserted, with citations to the record, that (a) Potts and co-defendant, Daniel Coach were co-owners of the drug corner of Wardoff and Cambria Streets in Philadelphia, Pennsylvania for a period of 16 months, from August 1996 to January 1998; (b) the Government limited its calculation for purposes of the forfeiture judgment to the time of Potts' role as co-owner of the corner; (c) the corner produced $3,000 to $12,000 per day in business; and (d) in attributing proceeds to Potts, the Government used a figure of $5,000 per day, or $150,000 per month, for a period of 16 months, totaling $2.4 million.

In an order entered on October 25, 2018, the District Court denied Potts' motion for extraordinary relief under the All Writs Act on the ground that Honeycutt, while new law, is not retroactive to cases on collateral review.

Potts appeals. The parties were advised that we might act summarily to dispose of this appeal and invited to submit argument in writing. No responses have been submitted for our consideration.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, 3d Cir. LAR 27.4 and I.O.P. 10.6. We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

Whether or not Honeycutt is retroactive to cases on collateral review, it does not provide a basis in Potts' case for issuance of an extraordinary writ. Honeycutt held that, under 21 U.S.C. § 853(a), which mandates forfeiture of proceeds derived from certain

3

drug crimes, a defendant may not be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire. 137 S. Ct. at 1630. The Court held that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." Id. at 1635. The Court reversed an appellate court's decision holding that the Government was entitled to a forfeiture judgment against a defendant who had worked in a store owned by his brother and had participated in sales of a chemical used to manufacture methamphetamine, even though he did not personally receive any of the proceeds of the sales. Honeycutt effectively overturned our decision in United States v. Pitt, 193 F.3d 751 (3d Cir. 1999), see United States v. Gjeli, 867 F.3d 418, 427 (3d Cir. 2017), cert. denied, 138 S. Ct. 700 (2019).

Still, a writ of audita querela is an extraordinary remedy. "The common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990)). Although the writ has been abolished in civil cases, it "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." Id. (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)). Those gaps, however, are exceedingly rare; indeed, we have yet to find a gap in the federal post-conviction framework that needed to be filled with a writ of audita querela. Here, even assuming that a writ of audita querela is available to

4

collaterally challenge a forfeiture judgment, Potts failed utterly to show that his forfeiture judgment should be invalidated. Forfeiture judgments may be challenged on direct appeal. This forfeiture judgment, which Potts did not challenge on direct appeal, has been final for over ten years. Moreover, Potts has not rebutted the record evidence showing that he, *a co-owner of the organization*, received at least $2.4 million in proceeds as a result of *his* participation in the organization. Insofar as the present case is distinguishable from Honeycutt -- because it does not involve property that Potts never obtained -- we find no circumstances warranting audita querela relief.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Potts' motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and the common law writ of audita querela. A certificate of appealability is not required here, see United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).